William C. Bollard, Bar No. 105489
 *william@jbblaw.com*
JULANDER, BROWN & BOLLARD
9110 Irvine Center Drive
Irvine, California 92618
Telephone: (949) 477-2100
Facsimile: (949) 477-6355

Attorneys for Plaintiff COMARCO
WIRELESS TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| COMARCO WIRELESS TECHNOLOGIES, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> APPLE, INC., a California corporation, <br><br> Defendant. | Case No. <br><br> **COMPLAINT and JURY DEMAND** |

Plaintiff Comarco Wireless Technologies, Inc., by its undersigned attorneys, as and for its complaint against defendant Apple Inc., says:

## **PARTIES**

1. Plaintiff Comarco Wireless Technologies, Inc., is a Delaware corporation that maintains its principal place of business at 25541 Commercentre Drive, Lake Forest, California 92630 ("Comarco").

2. Defendant Apple Inc. is a California corporation that maintains its principal place of business at 1 Infinite Loop, Cupertino, California 95014 ("Apple").

///

COMPLAINT

**JURISDICTION**

3. This is an action for patent infringement under 35 U.S.C. §1, *et seq.*

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338.

**BACKGROUND**

5. Portable electronic devices (such as laptop computers, tablets, cell phones, and media players) usually require a power adapter (also known as a power supply or a charger) in order to charge the batteries of such devices. A typical power adapter plugs into an electrical outlet and converts alternating electrical current ("AC") provided by most all household, office, and other outlets into direct electrical current ("DC") that most portable electronic devices need to operate and to recharge their batteries. Power adapters also usually include a cable that plugs into the device and conveys DC power from the adapter to the device.

6. Comarco pioneered the manufacture and sale of power adapters and adapter cables, and has obtained 48 patents covering inventions in the field. Of relevance here is United States Patent No. 8,492,933, entitled "Power Supply Equipment for Providing a Data Signal, Identification Information and Power to an Electronic Device," which was duly and lawfully issued on July 23, 2013 (the "'933 patent"). A copy of the '933 patent is attached as Exhibit A.

7. The '933 patent discloses and claims a power adapter that converts power from either an AC or DC power source to DC power that is supplied to an electronic device using a cable with an output connector that plugs into the device. The output connector is a "smart tip" that includes a circuit that receives a data request from an electronic device and transmits a signal in response that identifies the adapter to the electronic device.

/ / /

/ / /

8. By providing information identifying an adapter to an electronic device, the invention of the '933 patent ensures that appropriate power is drawn by the device or its battery and prevents fires and malfunctions. In addition, the invention of the '933 patent enables purveyors of portable electronic devices, such as Apple, to make sure that only approved power adapters are used to operate or charge the batteries of the device.

9. Comarco is the assignee of the '993 patent.

## COUNT ONE

10. Comarco repeats the allegations of paragraphs 1 through 9 as if fully set forth here.

11. Defendant Apple has infringed, and continues to infringe, claim 1 of the '933 patent, in violation of 35 U.S.C. § 271(a), through the distribution and sale of Apple products, such as the iPad, that include the Apple 5 Watt USB Power Adapter (Part No. MD810LL/A) or the 12 Watt USB Power Adapter (Part No. MD836LL/A), together with an Apple Lightning cable connector (such as Part No. MD8182M/A). A claim chart illustrating Apple's direct infringement with respect to, by way of example, the iPad, is attached as Exhibit B.

12. Defendant Apple has also infringed, and continues to infringe, claim 1 of the '933 patent, in violation of 35 U.S.C. § 271(a), through the distribution and sale of the Apple 5 Watt USB Power Adapter (Part No. MD810LL/A) or the 12 Watt USB Power Adapter (Part No. MD836LL/A), together with an Apple Lightning cable connector (such as Part No. MD8182M/A), because the foregoing adapters are designed to be used with one of the foregoing Lightning cable connectors and therefore directly infringe claim 1 of the '933 patent.

13. Defendant Apple has induced others to infringe, and continues to induce others to infringe, claim 1 of the '933 patent, in violation of 35 U.S.C. § 271(b), through the distribution and sale of the Apple 5 Watt or 12 USB Power

Adapters and Apple Lightning cable connectors (such as Part Nos. MD8182M/A and MD8232M/A), because Apple's customers are and have been encouraged to use, and in fact use, one of the foregoing adapters with one of the foregoing Lightning cable connectors, and thereby directly infringe claim 1 of the '933 patent.  Defendant Apple has sold and continues to sell the foregoing adapters and Lightning cable connectors with the specific intent to encourage and cause its customers to directly infringe claim 1 of the '933 patent.

14.     Defendant Apple has contributorily infringed, and continues to contributorily infringe, claim 1 of the '933 patent, in violation of 35 U.S.C. § 271(c), through the distribution and sale of the Apple 5 Watt or 12 USB Power Adapters and Apple Lightning cable connectors (such as Part Nos. MD8182M/A and MD8232M/A), because Apple's customers use one of the foregoing adapters in combination with one of the foregoing Lightning cable connectors and thereby directly infringe claim 1 of the '933 patent.  Defendant Apple has sold and continues to sell the foregoing adapters and Lightning cables with the specific intent to encourage and cause its customers to directly infringe claim 1 of the '933 patent.  The foregoing Apple adapters and Lightning cables are not staple articles of commerce suitable for substantial noninfringing uses; rather, they are made and sold for a specific function without any purpose other than infringement.

15.     Comarco has sustained damages and suffered irreparable harm as a consequence of Apple's infringement, and will continue to sustain damages and irreparable harm unless Apple is enjoined from infringing the '933 patent.

16.     Upon information and belief, defendant Apple's infringement, as aforesaid, has been and is willful.

## COUNT TWO

17.     Comarco repeats the allegations of paragraphs 1 through 16 as if fully set forth here.

18. Defendant Apple has induced others to infringe, and continues to induce others to infringe, claims 1 and 2 of the '933 patent, in violation of 35 U.S.C. § 271(b), through the distribution and sale of the Apple Lightning to 30-Pin Adapter (Part No. MD823ZM/A) because Apple's customers are and have been encouraged to use, and in fact use, the Lightning to 30-Pin Adapter with 30-pin cables and power adapters, and thereby directly infringe claims 1 and 2 of the '933 patent. Defendant Apple has sold and continues to sell the 30-Pin Adapter with the specific intent to encourage and cause its customers to directly infringe claims 1 and 2 of the '933 patent.

19. Defendant Apple has contributorily infringed, and continues to contributorily infringe, claims 1 and 2 of the '933 patent, in violation of 35 U.S.C. § 271(c), through the distribution and sale of the Lightning to 30-Pin Adapter because Apple's customers use the Lightning to 30-Pin Adapter with 30 pin cables and power adapters and thereby directly infringe claims 1 and 2 of the '933 patent. Defendant Apple has sold and continues to sell the Lightning to 30-Pin Adapter with the specific intent to encourage and cause its customers to directly infringe claims 1 and 2 of the '933 patent. The Lightning to 30-Pin Adapter is not a staple article of commerce suitable for substantial noninfringing uses; rather, it is made and sold for a specific function without any purpose other than infringement.

20. Comarco has sustained damages and suffered irreparable harm as a consequence of Apple's infringement, and will continue to sustain damages and irreparable harm unless Apple is enjoined from infringing the '933 patent.

21. Upon information and belief, defendant Apple's infringement, as aforesaid, has been and is willful.

WHEREFORE, plaintiff Comarco Wireless Technologies, Inc., requests judgment in its favor and against defendant Apple Inc., as follows:

    a. for judgment that Apple has infringed the '933 patent;

///

     b.    for a permanent injunction barring Apple, and all persons and entities in active concert or participation with it, from infringing the '933 patent;

     c.    for an award of damages in an amount sufficient to compensate Comarco for Apple's infringement, together with prejudgment interest and costs of suit;

     d.    for judgment that Apple willfully infringed the '933 patent and an award to Comarco of treble damages under 35 U.S.C. § 284;

     e.    for judgment that this is an exceptional case under 35 U.S.C. § 285, and an award of reasonable attorneys' fees and expenses to Comarco;

     f.    for such other and further relief as the Court may deem just and appropriate.

## JURY DEMAND

Comarco requests trial by jury on all issues triable at law.

DATED: January 30, 2015        JULANDER, BROWN & BOLLARD

By:    */s/ William C. Bollard*
      William C. Bollard
      Attorneys for Plaintiff COMARCO
      WIRELESS TECHNOLOGIES, INC.

**Of Counsel:**

Charles Quinn
cquinn@grahamcurtin.com
Glen M. Diehl
gdiehl@grahamcurtin.com
GRAHAM CURTIN, P. A.
4 Headquarters Plaza
Morristown, New Jersey 07962-1991
T. (973) 292-1700